IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:15CR17 |
| | § | Judge Schneider |
| CHAD CALHOUN | § | |

## **TRIAL BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

### **I. THE CASE**

A. A jury trial is scheduled to commence in the above-captioned matter on December 8, 2015.

B. The government will be represented by Marisa J. Miller and James Noble, Assistant United States Attorneys for the Easter District of Texas.

C. The defendant is not in custody.

D. The defendant is charged by Superseding Indictment with two counts. Count One charges a violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), receipt of child pornography. Count Two charges the defendant with violating 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), possession of child pornography. The Superseding Indictment also contains a notice of intention to seek the forfeiture of two items of computer equipment (a Sony VAIO laptop and an HP Pavilion laptop) upon conviction.

## II.  ORDER FOR TRIAL PREPARATION

Pursuant to Paragraph 4 of the Court's Order Setting Final Pretrial Conference, Trial Preparation Requirements, and Procedures for Trial, the government will and has complied as follows:

  A. **Exhibits**: The government has filed an index of anticipated exhibits under separate cover.  Counsel for the government and the defense plan to meet to determine whether an agreement may be reached with respect to the proposed exhibits.

  B. **Tape Recording**:  The government hereby notifies the Court and the defense of its intention to introduce a video recording of Chad Calhoun's interview by Hopkins County Sheriff's Sgt. Corley Weatherford and Inv. Daniel Winn.  The recording was made by HCSO Deputy Richard Brantley on June 25, 2014.  The government respectfully submits that the video picture and sound are sufficiently clear that a transcript may not be necessary and will consult with counsel for the defense.

  C. **Proposed Witnesses**: The government has filed, under separate cover, its list of anticipated witnesses and persons whose names may be referenced at trial.  The government is in discussions with counsel for the defense to determine whether stipulations may be reached that would obviate the need for some witnesses' testimony.

## III.  FACTS

In early June 2014, Sergeant Corley Weatherford of the Hopkins County Sheriff's Office ("HCSO") was using a law enforcement logging and search tool to investigate individuals trading child pornography.  Specifically, Sgt. Weatherford used a tool

provided by the Internet Crimes Against Children Child Online Protective Services ("ICAC COPS") that captured data relating to child pornography image and video files that a particular Internet user transmitted over the ARES network. ARES is a publicly available peer-to-peer file sharing network that allows users to type in key word searches to find files of interest to them. The user can then download files, including child pornography, from other users, and distribute files in their shared folders. The ICAC COPS program identifies known child pornography files by the hash value, or digital DNA, associated with each file. Sgt. Weatherford observed that an individual had known child pornography files available for sharing on the ARES network and that the individual was using IP address 74.194.225.133 port 18456. Sgt. Weatherford then determined that IP address 74.194.225.133 was owned by Suddenlink Communications. Suddenlink was served with a subpoena for the subscriber associated with that IP address, to which the company responded that the Internet service was in the name of Katie Calhoun, at 1131 McGrede Drive, Sulphur Springs, TX.

With this information, Sgt. Weatherford and another member of the HCSO, Inv. Daniel Winn, obtained a search warrant for 1131 McGrede Drive from the presiding judge for Hopkins County. Sergeant Weatherford and other members of the HCSO, with assistance from the Sulphur Springs Police Department, executed the search warrant on June 25, 2014.

When the officers arrived at the premises, no one was home. Officers called the Calhouns, who indicated that they were out of town, but would return to the property. While waiting for the Calhouns to return, officers executed the search warrant. During

the search, law enforcement identified and seized a Sony VAIO laptop computer and an HP Pavilion laptop computer. The Sony laptop computer was located on the dining room table of the Calhoun's residence. Those items were transported to the Hopkins County Sheriff's Office where they were placed in the secured evidence locker, until they were released to the custody of Homeland Security Investigations ("HSI") for forensic analysis in August 2014.

During the process of forensic analysis, both parties discovered that the Sony VAIO laptop computer was turned on once – on June 27, 2014. While a few program files were accessed, no files of child pornography were accessed or modified. Indeed, in order for child pornography to be created on an electronic device, deleted on an electronic device, or modified in any way, the computer would create a record of that activity. The parties agree that no child pornography was created, modified, deleted, or accessed on the Sony VAIO computer on June 27, 2014.

Forensic analysis of the digital media was conducted by HSI Computer Forensics Agent ("CFA") Jose Delgado at the HSI laboratory in Dallas, Texas. A small number of child pornographic files were found on the HP Pavilion laptop computer. When CFA Delgado reviewed the Sony VAIO laptop computer, he located a number of user accounts on the computer. One particular user account was entitled "Chad" and was password protected. CFA Delgado also observed that the ARES file sharing software was located in the "Chad" account on the Sony VAIO computer. CFA Delgado located a number of images and videos of child pornography in two places on the computer: (1) in the Chad account; and (2) within a series of subfolders inside of a "public" file on the computer.

4

The ARES program keeps a history, or a log file, of the files that are downloaded and that are made available to share. These history files are thus evidence of when a file is downloaded, or received, by a computer user. CFA also observed photographs of the defendant and documents created by the defendant (drafts of sermons, correspondence, etc.). Through this analysis, the government presented evidence of the defendant's receipt and possession of child pornography to the grand jury.

## IV. THE INDICTMENT

## COUNT 1 – RECEIPT OF CHILD PORNOGRAPHY

Count 1 of the Superseding Indictment charges that, in the Eastern District of Texas, the defendant, Chad Calhoun, knowingly received an image of child pornography that had, using any means or facility of interstate or foreign commerce been shipped or transported in or affecting interstate and foreign commerce, including by computer. Specifically, Calhoun is charged with receiving a particular file, entitled "2013 pthc – falko toddler s██ movie.wmv,"[1] between on or about December 4, 2013 and on or about April 15, 2014 and by using the Internet.

To establish a violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), the government must prove beyond a reasonable doubt that (1) the defendant knowingly received an item of child pornography; (2) the item of child pornography had, using any means or facility of interstate or foreign commerce been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and (3) when the defendant received the item, the defendant knew the item was child

---

[1] This file title is redacted in order to protect the identity of the child depicted in the video.

pornography. *See*, *e.g.*, *Fifth Circuit Pattern Jury Instructions (Criminal) 2015*, 2.85D (p. 430).

## COUNT 2 – POSSESSION OF CHILD PORNOGRAPHY

Count 2 of the Superseding Indictment charges that, in the Eastern District of Texas, the defendant, Chad Calhoun, knowingly possessed an item that contained child pornography, which had been transported in and affecting interstate and foreign commerce, or produced using materials that had been mailed, shipped or transported in interstate or foreign commerce. Specifically, Calhoun is charged with possessing a Sony VAIO laptop computer containing child pornography, which was seized by law enforcement on June 25, 2015, and which computer was produced outside of the United States, thus itself traveling in interstate or foreign commerce.

To establish a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), the government must prove beyond a reasonable doubt that (1) The defendant knowingly possessed an item that contained an image of child pornography; the material was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and (3) when the defendant possessed the material, the defendant knew that the material contained child ponrography. *See*, *e.g.*, *Fifth Circuit Pattern Jury Instructions (Criminal) 2015*, 2.85F (p. 437).

## PROOF OF ELEMENTS

A. **Knowledge of Receipt and Possession**

As set forth in the applicable jury instructions, it will be incumbent upon the

government to prove, beyond a reasonable doubt that the defendant knowingly received a child pornographic video, and knowingly possessed a Sony VAIO laptop containing child pornography. Knowledge can be proven through circumstantial evidence, including whether images were found on the defendant's computer, the number of images of child pornography that were found, whether the content of the images was evident from their file names, and the defendant's downloading and file storing habits. *United States v. Blank*, 701 F.3d 1084, 1090-91 (5th Cir. 2012) (rejecting defendant's contention that the evidence could have equally supported another's culpability and noting the proof of the defendant's knowing possession of child pornography); *United States v. Miller,* 527 F.3d 54 (3rd Cir. 2008). A possessor of child pornography need not know the nature of the files at the time he downloaded the images and videos to his computer, so long as he discovered the contents and decided to keep it anyway. *United States v. Carani*, 492 F.3d 867 (7th Cir. 2007), cert. denied, 128 S.Ct. 932 (2008).

   **B. Child Pornography**

Under federal law, "child pornography" is defined as "any visual depiction" of "sexually explicit conduct where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). A visual depiction includes photographs, film, video, picture, computer, or computer-generated image whether made or produced by electronic, mechanical, or other means." 18 U.S.C. § 2256(8). Here, the defendant possessed child pornography including both image and video files, which were saved to his computer (i.e., electronic means).

The term "sexually explicit conduct" means actual or simulated:

    (a)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

    (b)    bestiality;

    (c)    masturbation;

    (d)    sadistic or masochistic abuse; or

    (e)    lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. § 2256(2)(A). The images charged in the Superseding Indictment all depict children who are engaged in (1) oral, anal, and/or genital sexual intercourse; (2) sadistic or masochistic conduct; or (3) masturbation.

### C. Minor

The term "minor" means any person under the age of eighteen years. 18 U.S.C. § 2256(1). There is no requirement that expert testimony be presented to establish the age of the children depicted. *United States v. Katz,* 178 F.3d 368, 373 (5th Cir. 1999) (whether age can be judged without expert testimony is dependent upon the facts of each case). In cases involving images of clearly prepubescent children, there may be no need to present expert testimony as to whether the image depicts a person under the age of eighteen. *United States v. Fox,* 248 F.3d, 394, 409 (5th Cir. 2001) (no abuse of discretion admitting photographs without testimony as to the subjects' ages where even the defendant conceded that "[s]ome of the photos appear to be prepubescent children who are ... obviously less than 18"), *vacated on other grounds,* 535 U.S. 1014 (2002). The government notes that the images and videos in the pending case all depict children

who are obviously under the age of 18. In fact, the child pornography (images and videos) at issue depict children who are prepubescent or under the age of 12 years old.

   **D. Real Child**

In order to be convicted of these charges, the images must depict an actual child. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). The government has the burden proving that the images depict real children, as opposed to virtual or morphed images, but need not present expert testimony. Joining the Sixth, Eighth, Tenth, and Eleventh Circuits, the Fifth Circuit has held the government need not use expert testimony to establish that an image depicts a real child. *United States v. Slanina,* 359 F.3d 356, 357 (5th Cir. 2004) (per curiam); *see also United States v. Deaton*, 328 F.3d 454, 455 (8th Cir. 2003) (per curium); *United States v. Fuller*, 77 Fed. Appx. 371, 379 (6th Cir. 2003) (unpublished); *United States v. Hall*, 312 F.3d 1250, 1260 (11th Cir. 2002).

In *Slanina*, the Fifth Circuit stated: "[ju]ries are still capable of distinguishing between real and virtual images; and admissibility remains within the province of the sound discretion of the trial judge." *Id.* citing *United States v. Kimler,* 335 F.3d 1132, 1142 (10th Cir.), *cert. denied,* 540 U.S. 1083, (2003). With the prevalence of sophisticated gaming systems, CGI movie effects and other technology, juries likely have significant exposure to "virtual" images. The government respectfully submits that viewing the children who are depicted in the child pornographic files, and hearing the sounds associated with some of the files, should provide sufficient information for the jury to make a determination as to whether the children are "real."

**E. Interstate Nexus**

To satisfy its burden on Count 1, receipt of child pornography, the government will be required to prove that the child pornographic video had, using any means or facility of interstate or foreign commerce, been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. The government anticipates that the evidence will establish that the defendant received the file via an ARES peer-to-peer file sharing network, through the Internet. The Fifth Circuit has made clear that the Internet is itself a means and facility of interstate and foreign commerce. *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) ("[i]n 2009, it is beyond debate that the Internet and email are facilities or means of interstate commerce."); *see also United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014). Accordingly, should the government establish that the defendant received video described in Count 1 of the Superseding Indictment via the Internet, it will be the government's assertion that it has satisfied the necessary interstate nexus element.

With respect to Count 2, possession of child pornography, the government may satisfy its burden in multiple ways. The government anticipates that it will show that the child pornography was produced using materials that traveled interstate commerce, or was stored on materials that traveled in interstate commerce. *United States v. Kallestad*, 236 F.3d 225 (5th Cir. 2000). Specifically, the defendant's Sony VAIO laptop computer contains an inscription representing that it was manufactured outside of the state of Texas, indicating that the device itself was transported in interstate and foreign commerce. *United States v. Saguil*, 600 Fed. Appx. 945, 947 (5th Cir. 2015) (joining the

Eighth, Ninth, and Tenth Circuits in determining that a manufacturer's imprint is not hearsay and holding that the imprint is sufficient to establish interstate nexus); *United States v. Dickson*, 632 F.3d 186, 190 (5th Cir. 2011).

## V. ADMISSIBILITY OF OTHER ACTS

On September 16, 2015, the defense filed a number of motions, including a motion seeking to restrict the government from introducing "extrinsic" evidence at trial. (ECF #25). The government filed a response on September 23, 2015 and respectfully reasserts each of the arguments made therein. (ECF #40).

Essentially, there are two types of "other act" evidence that the government may seek to introduce at trial. First, the Superseding Indictment enumerates four specific child pornographic files. This was not the full extent of the child pornography located on either the Sony VAIO laptop computer or the uncharged HP Pavilion laptop computer. Given that the defendant is expected to argue that he was not the individual who downloaded the illegal material and did not knowingly possess the files, such evidence is critical to complete the story of the case and to establish knowledge, identity, and lack of mistake. *See*, *e.g.*, *United States v. Macedo*, 947 F.2d 1191, 1199 (5th Cir. 1991).

Second, HSI Special Agent Robert Melton, in San Angelo, Texas conducted a previous investigation in which he discovered that an individual was distributing child pornography, via peer-to-peer file sharing, from an IP address that resolved to the Lake Highlands Baptist Church. This is the same church where the defendant was a preacher and where the defendant lived for a period of time. Such evidence further establishes the

defendant's knowledge, intent, and lack of mistake. *United States v. Layne*, 43 F.3d 127, 133-134 (5th Cir. 1995).

## VI.  DISPLAY OF CHILD PORNOGRAPHY

The government intends to introduce images and videos, received by the defendant through a peer-to-peer file sharing network and possessed on his Sony VAIO computer. The parties previously briefed the defendant's request to limit the government from publishing the file titles or contents to the jury. (ECF #29, 41).  The government respectfully reasserts each of the arguments contained in its September 23, 2015 filing. (ECF #41).

Simply stated, the file titles and the images/videos themselves are evidence of the crime.  This evidence is crucial for the government to prove that the defendant knowingly received and possessed child pornography, that the files constitute child pornography, and to establish the requisite interstate nexus.  As the Fifth Circuit noted in its decision in *United States v. Caldwell*, 586 F.3d 338, 343 (5th Cir. 2009), child pornographic evidence "provides flesh and bone for the jury to see the exploitation of children."

The government further respectfully submits that it does not intend to publish to the jury all of the child pornography found on the defense's devices.  Rather, the government intends to briefly display a limited number of images and videos, which it will review with defense counsel prior to trial.  Where videos are introduced, the government will seek to introduce clips of the material.  In this way, the government may establish its case without causing any unfair prejudice to the defendant or extended distress to the jury.

Finally, the government respectfully requests that it be permitted to access the courtroom, prior to trial in order to set up and test the equipment needed to publish this material.

## VII.  AUTHENTICATION

An issue of authentication was at the core of the defendant's motion to suppress evidence from his Sony VAIO laptop computer.  (ECF #30).  That issue has been litigated before United States Magistrate Judge K. Nicole Mitchell, who rendered a Report and Recommendation to this Court that the defendant's motion should be denied.  (ECF #46).  The government urges the Court to adopt Magistrate Judge Mitchell's Report and Recommendation.

The defendant's Sony VAIO laptop was seized by members of the HCSO on June 25, 2014.  The parties agree that two days after it was lawfully seized and in the custody of the HCSO, an unknown individual turned on the computer and accessed a few files.  The parties also agree that no child pornography was created, accessed, modified, or deleted on that date.  The defendant urges the Court to suppress the evidence, arguing that the access rendered the computer entirely different from the laptop as it was seized on June 25, 2014.  The government respectfully submits that the issue is one of authentication and, if the "pertinent admissibility requirements are met and [the] evidence is what it purports to be," *United States Lundy*, 676 F.3d 444, 452-53 (5th Cir. 2012), the evidence should be admissible.  Fed. R. Evid. 902(a).  The jury must then decide the weight to give to the evidence in its deliberations.  Fed. R. Evid. 901, 902(a); *United States v. Dixon*, 132 F.3d 192, 197 (5th Cir. 1997).

## VIII. JUDICIAL NOTICE

Pursuant to the doctrine of judicial notice and Rule 201 of the Federal Rules of Evidence, if requested by a party, the Court may take judicial notice of any undisputed facts, which are either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201. The government may, for example, ask the Court to take judicial notice of certain undisputed facts, such as finding that Sulphur Springs, Texas is located within the Eastern District of Texas.

Additionally, and as will be reflected in the government's jury instructions, the government may also ask the Court to take judicial notice of the fact that, within the Fifth Circuit, the Internet is a means and facility of interstate and foreign commerce. *See* § IV, p.10 above; *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009).

## IX. ADMISSIBLILITY OF DUPLICATES

The government will offer some documents under Rule 1003, of the Federal Rules of Evidence. Rule 1003 states that a duplicate is admissible to the same extent as an original unless a genuine question is raised as to its authenticity. The admissibility of such documents is further strongly supported by Rule 1004, to the effect that "[t]he original is not required, and other evidence of the contents of a writing, recording or photograph is admissible if all originals are lost or have been destroyed, unless the proponent lost them in bad faith." Fed. R. Evid. 1004.

## X.  WITNESS EXCLUSION AND CASE AGENT DESIGNATION

The government will move for the exclusion of all witnesses until their testimony has been completed, pursuant to Federal Rules of Evidence Rule 615.  The government further moves to designate HSI Special Agent Joe Pagitt as the case agent, and requests that Agent Pagitt be exempt from the exclusion order.  Fed. R. Evid. 615.  The government respectfully asserts that Agent Pagitt should be excepted from any sequestration order as his knowledge qualifies him as essential to government counsel at trial.  *United States v. Payan*, 992 F.2d 1387, 1393-94 (5th Cir. 1993)

## XI.  CONCLUSION

The foregoing constitutes a summary of points that the government anticipates may arise at trial.  Should any legal issues arise that were not covered herein, the government respectfully requests leave to submit such further memoranda as may be necessary.

Respectfully submitted,

JOHN M. BALES  
UNITED STATES ATTORNEY

/s/ *Marisa J. Miller*_____  
MARISA J. MILLER  
Assistant United States Attorney  
101 East Park Blvd., Suite 500  
Plano, Texas  75074  
New York Bar No. 4366415  
Telephone: 972-509-1201  
marisa.miller@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 24th day of November, 2015, I, Marisa J. Miller, Assistant United States Attorney for the Eastern District of Texas, do hereby certify that a true and correct copy of the foregoing instrument has been served on the following according to the Federal Rules of Criminal Procedure and the rules of this Court: J. Michael Price II, Esq., attorney for the Defendant.

                                              /s/ *Marisa J. Miller*
                                                  Marisa J. Miller